UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NELSON S.<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREW M. SAUL,<br><br>Commissioner of<br>Social Security,<br><br>*Defendant*. | No. 3:19-cv-01289-SDV |

**RULING ON PENDING MOTION FOR ATTORNEY'S FEES**

On August 20, 2019, plaintiff, Nelson S. (hereinafter, "plaintiff"), filed the instant action challenging the Social Security Administration's final decision denying him disability insurance benefits (hereinafter, "DIB"). Doc. No. 1. Before the Court is plaintiff's motion seeking an award of attorney's fees pursuant to the Equal Access to Justice Act (hereinafter, "EAJA"), 28 U.S.C. § 2412(d). Doc. No. 28. In his motion, plaintiff argues that the government's position in plaintiff's DIB application and appeal was not substantially justified, and therefore, he is entitled to attorney's fees because plaintiff's case was eventually remanded back to the Commissioner for further proceedings. *See generally* Doc. No. 28. The parties stipulated to a remand following the Supreme Court's issuance of its decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021), in which the Supreme Court held that only the Social Security Administrator, and not staff members, could properly appoint an ALJ. Plaintiff contends that, because the Commissioner agreed to the remand, plaintiff was the prevailing party and attorney fees in the amount of $8,987.00 are

1

justified. *Id.* The Government opposes plaintiff's motion by arguing that its position pre-*Carr* was substantially justified. *See generally* Doc. No. 30. For the reasons that follow, the Court **DENIES** plaintiff's Motion for Attorney's Fees (Doc. No. 28).

## I.      FACTUAL BACKGROUND

Plaintiff originally filed his DIB application on September 1, 2016. *See* Certified Transcript of the Administrative Record, Doc. No. 13 (hereinafter, "Tr."), at 71. The claim was denied at the initial and reconsideration levels. Tr. 70 and 85. Thereafter, plaintiff requested a hearing before an Administrative Law Judge (hereinafter, "ALJ"). Tr. 105. A hearing was held before ALJ McKenna on April 27, 2018. Tr. 33-61. Plaintiff, who was represented by counsel, testified at the hearing. Tr. 39-56. On May 30, 2018, the ALJ issued a decision denying plaintiff's claims. Tr. 15-27. Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council. Tr. 7. On June 20, 2019, the Appeals Council denied review, making the ALJ's decision the final determination of the Commissioner. Tr. 1. On August 20, 2019, plaintiff filed this action in the United States District Court for the District of Connecticut seeking judicial review of the Commissioner's final decision denying DIB. Doc. No. 1. Approximately 20 months later, the United States Supreme Court issued its decision in *Carr v. Saul*, 141 S. Ct. 1352, holding that only the Social Security Administrator, and not staff members, could properly appoint an ALJ. On May 25, 2021, pursuant to this decision, the parties filed a joint *Stipulation of Remand to the Agency* (Doc. No. 25) asking the Court to remand the matter to the Commissioner for another hearing before a properly appointed ALJ. Doc. No. 25. On May 26, 2021, this Court entered a judgment remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Doc. No. 26. The present motion was filed on September 9, 2021. Doc. No. 28.

## II.     DISCUSSION

### *1. The EAJA*

The EAJA provides, in pertinent part, that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses… incurred by that party in any civil action…including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified.

28 U.S.C. § 2412(d)(1)(A).  The EAJA "creates a right to attorney's fees in appropriate civil actions against the United States …[i]ts purpose is to ensure that individuals are not deterred from seeking review of unjustified governmental action." *Rivera-Quintana v. Comm'r of Soc. Sec.*, 692 F.Supp.2d 223, 225 (D. P.R. 2010) (*quoting Perkins v. Astrue*, 568 F.Supp.2d 102, 103 (D. Mass. 2008)).  To receive the fee award under Section 2412(d)(1)(A), the following conditions must be met: (1) the plaintiff is the prevailing party; (2) the Government's position was not substantially justified; and (3) there are no special circumstances making the award unjust. 28 U.S.C. § 2412(d)(1)(A); *see also Smith v. Astrue*, No. 10-CV-0053 (GTS/VEB), 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012).   It is the Government's burden to prove substantial justification. *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999); *see also Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (burden is on the government to show that its position was substantially justified). The Supreme Court has held that for the Commissioner's position to be "substantially justified" it must "demonstrate that his position had a reasonable basis in both law and fact" and was "justified to a degree that could satisfy a reasonable person." *Ericksson,* 557 F.3d at 81.  The fact that the ALJ's decision was reversed and remanded for additional proceedings is not dispositive in the substantial justification analysis.  *Lennox v. Comm'r of Internal Revenue,* 998 F.2d 244, 248 (5th Cir. 1993).

3

*2. Analysis*

Plaintiff provides a limited basis for why the government's position was not substantially justified and seems to rely on the fact that the matter was ultimately remanded back to the Commissioner for further administrative proceedings. "The fact that the government's position in the case was not accepted by the court, however, does not alone dictate a finding, or even raise a presumption, that the government's position was not substantially justified." *Dewonkiee L. B. v. Comm'r*, No. 5:19-CV-0503 (DEP), 2021 WL 3417842, at *3 (N.D.N.Y. August 5, 2021) (*see generally Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988)).

First, the Court must examine whether plaintiff is the prevailing party. Here, since plaintiff obtained a remand to the agency for additional proceedings, he is considered the prevailing party within the meaning of Section 2412. "No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993).

Next, this Court must determine whether the Commissioner's decision was substantially justified. Defendant's position is that plaintiff forfeited the right to raise an Appointments Clause challenge in district court because plaintiff had failed to raise it during the ALJ hearing or during the Appeal Council's review. It is clear to the Court from a thorough review of the record that plaintiff did not raise the Appointments Clause challenge during the administrative proceedings, and instead, raised it for the first time on April 26, 2021, when he asked the Court for leave to amend his Complaint in this action following the Supreme Court's issuance of its decision in *Carr v. Saul*, 141 S. Ct. 1352. Plaintiff's Complaint was filed in federal court on August 20, 2019, and it was remanded to the Commissioner on May 26, 2021.

As a starting point for the Court's evaluation of whether there was "substantial justification" for the government's position in this matter, the Court observes that on June 21, 2018, the United States Supreme Court decided *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), where it considered a challenge to how the Securities and Exchange Commission ("SEC") appoints its ALJs. In *Lucia*, 138 S. Ct. 2044, the Supreme Court held that the SEC's ALJs were considered "inferior officers of the United States" for purposes of the Appointments Clause of the United States Constitution, Art. II, §2, cl. 2.[1] Unlike federal employees who can simply be hired by the SEC, the ALJs are required to be appointed by either the President, a court of law, or a department head (i.e., the SEC Commissioner). The Court determined that the SEC's ALJs were not properly appointed because they had been selected by SEC staff members rather than by the SEC Commissioner. *Lucia*, 138 S. Ct. 2044. As such, the Court remanded the case for a new hearing before a properly appointed ALJ. *Id*. at 2055. *Lucia* not only held that the SEC's ALJs were subject to the Appointments Clause, but also stated that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia*, 138 S. Ct. at 2055 (*quoting Ryder v. United States*, 515 U.S. 177, 182-183 (1995)). Accordingly, *Lucia* appeared to impose a timeliness requirement on any Appointments Clause challenge.

There is no dispute that *Lucia* also implicated the Social Security Administration's (SSA) ALJs. In fact, "[o]n July 16, 2018, a few weeks after *Lucia* was decided, the SSA's Acting Commissioner preemptively addressed any Appointments Clause questions involving Social

---

[1] The Appointments Clause of the United States Constitution reads in pertinent part: "[The President] shall have Power, by and with the Advice and Consent of the Senate, to make Treaties, provided two thirds of the Senators present concur; and he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the [S]upreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: *but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.*" U.S. Const. Art. II, §2, cl. 2 (emphasis added).

Security claims by rati[fying] the appointments of all SSA ALJs and approving those appointments as her own." *Carr v. Saul*, 141 S. Ct. at 1357 (internal quotations omitted) (*citing* 84 Fed. Reg. 9583 (2019)).

On April 22, 2021, the Supreme Court decided *Carr*, 141 S. Ct. 1352, holding that a claimant can raise an Appointments Clause challenge with the district court, even if the issue was not raised at the agency level. Specifically, the Supreme Court said that "claimants are not required to exhaust certain issues in administrative proceedings to preserve them for judicial review, [and] claimants who raise those issues for the first time in federal court are not untimely in doing so." *Carr*, 141 S. Ct. at 1362; *see also Streich v. Saul,* No. 20-1159-CV, 2021 WL 1782555, at *1 (2d Cir. May 5, 2021) (Second Circuit remanded for new hearing before properly appointed ALJ because claimant's Appointments Clause challenge was timely). "*Carr* rejected the position taken by the Social Security Administration that there was a form of issue exhaustion that required Social Security claimants to challenge the ALJ's appointment administratively" or, otherwise, they would waive any future challenge. *Latoya A., v. Saul*, No. 5:19-CV-581 (DJS), 2021 WL 1736869, at *2 (N.D.N.Y. May 3, 2021).

Here, plaintiff seeks an award of attorney's fees in the amount of $8,987.00. He argues that he is entitled to attorney's fees "pursuant to the Equal Access to Justice Act because plaintiff is the prevailing party in this action, … and the position of the United States in this case, either at the agency or in this litigation, was not substantially justified." Doc. No. 28, at 2. Plaintiff relies on *Skibitcky v. Saul,* No. 3:19-CV-00801 (WIG), 2020 WL 3867275 (D. Conn. Jul. 9, 2020) and argues that the fact that the Commissioner agreed to remand the matter for additional proceedings "establishes the lack of substantial justification." Doc. No. 28-3, at 2. Defendant opposes plaintiff's motion and argues that the Commissioner's position was substantially

justified because plaintiff failed to raise his Appointments Clause challenge at the administrative level, and "prior to the *Carr* decision, there was a split among appellate courts on the issue [of when an Appointments Clause challenge needs to be raised], and the vast majority of district courts, including the U.S. District Court for the District of Connecticut, agreed with the Commissioner's position and rejected Appointments Clause challenges to [SSA] ALJs where the plaintiff failed to raise the issue during the administrative proceedings." Doc. No. 30, at 3.

      To inform its decision, the Court looks to the timing of events, and the Commissioner's position throughout these proceedings. Plaintiff's hearing before ALJ McKenna was held on April 27, 2018, before the Court's decision in *Lucia*, before the SSA's Commissioner post-*Lucia* proper appointment of the SSA's ALJs and prior to the Supreme Court's issuance of the *Carr* decision. Defendant does not dispute that ALJ McKenna was unconstitutionally appointed at the time he presided over plaintiff's hearing; instead, defendant argues that because plaintiff forfeited his Appointments Clause challenge by failing to raise it in plaintiff's initial brief to the Court, and because there was no binding decision in the District of Connecticut, the Commissioner's position prior to *Carr* was substantially justified. Doc. No. 30. The Court agrees with the Commissioner.

      The Court finds that the Commissioner's position was substantially justified due to the unsettled law surrounding the exhaustion requirement of an Appointments Clause challenge at the time of plaintiff's administrative hearing and subsequent federal appeal. It was not until the Supreme Court decided *Carr* that the Supreme Court resolved the conflict between the Circuit Courts of Appeal on the Appointments Clause issue. In *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3rd Cir. 2020), the Third Circuit Court of Appeals found that a SSA claimant did not have to exhaust the issue before the SSA's Appeals Council to obtain judicial review of the claims.

7

The Sixth Circuit similarly held in *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537 (6th Cir. 2020), "that a claimant does not forfeit an Appointments Clause challenge in a Social Security proceeding by failing to raise that claim before the agency." *Ramsey,* 973 F.3d at 547. Conversely, in *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), the Eighth Circuit Court of Appeals disagreed with *Cirko,* 948 F.3d 148, and held that the claimants waived any Appointments Clause challenges when they failed to raise the issues at the administrative level. Similarly, the Tenth Circuit disagreed with *Cirko*, specifically in *Carr v. Comm'r of Soc. Sec.*, 961 F.3d 1267 (10 Cir. 2020). Prior to *Carr*, 141 S. Ct. 1352, "[t]he Second Circuit Court of Appeals ha[d] not weighed in on the issue…[and] the district courts within the circuit were markedly split on the issue…although the greater weight of authority favored a finding that plaintiffs have a duty to exhaust." *Dewonkiee L.B*, 2021 WL 3417842, at *3 (*citing Danielle R. v. Comm'r of Soc. Sec.*, No. 19-CV-538 (ATB), 2020 WL 2062138, at *6 (N.D.N.Y. Apr. 29, 2020)); *see also Iris v. Saul*, No. 1:19-CV-1165 (MAD), 2020 WL 2475824, at *6 (N.D.N.Y. May 13, 2020)). The differences in opinion even within the District of Connecticut only underscore that the question of whether a claimant forfeited an Appointments Clause challenge by failing to raise it in administrative proceedings was significantly unsettled. *Compare Suarez v. Saul*, No. 3:19-CV-173 (JAM), 2020 WL 913809, at *2 (D. Conn. Feb. 26, 2020) and *Blauvelt v. Saul*, No. 3:19-CV-1446 (KAD), 2020 WL 4432911, at *5 (D. Conn. July 31, 2020), both holding that failure to raise such a challenge at the agency level did not preclude such a challenge in the district court with *Mungin v. Saul*, No. 3:19-CV-233 (RMS), 2020 WL 549089, at *4 (D. Conn. Feb. 4, 2020), *Bryne v. Berryhill*, No. 3:19-CV-66 (RAR), 2020 WL 373076, at *2-3 (D. Conn. Jan. 23, 2020), *Demoranville v. Saul*, No. 3:18-CV-1930 (RAR), 2019 WL 6712056, at *2-3 (D. Conn. Dec. 10,

2019) and *Johnson v. Berryhill*, 3:17-CV-1651 (VAB), 2019 WL 1430242, at *13-14 (D. Conn. March 29, 2019), all reaching the opposite conclusion.

This Court finds that the Commissioner's position can be substantially justified when the state of the law was in such considerable flux. *See McCary-Banister v. Saul*, No. SA-19-CV-782-XR, 2021 WL 3494606, at *3 (W.D. Tx. Aug. 9, 2021) (denying plaintiff's motion for attorney's fees following a remand where court concluded, in light of the unsettled state of the law, that commissioner's litigation position that plaintiff had forfeited the right to raise an Appointments Clause challenge in district court by failure to raise it during administrative findings was substantially justified). Indeed, the question left open by *Lucia*, 138 S. Ct. 2044, as to what constituted a timely Appointments Clause challenge was resolved only when the Supreme Court issued *Carr*, 141 S. Ct. 1352, on April 22, 2021. Accordingly, under such circumstances, the Court concludes that the Commissioner's position was substantially justified because: 1) there was no binding decision in the Second Circuit at the time of the ALJ hearing or when the plaintiff filed the complaint as to whether an Appointments Clause challenge had to be raised in administrative proceedings to be considered valid; 2) the present matter was fully briefed by the parties prior to the *Carr*, 141 S. Ct. 1352, decision being published and plaintiff did not seek to amend his action in this matter to raise an Appointments Clause challenge until after *Carr*, 141 S. Ct. 1352, was issued; and 3) the Commissioner was never on notice in this matter prior to Carr that it had to defend against an Appointments Clause challenge.

### III.     CONCLUSION

For the reasons set forth above, the Court finds that the Commissioner's position was substantially justified. Accordingly, plaintiff's Motion for Attorney's Fees (Doc. No. 28) is **DENIED.**

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment.  *See* 28 U.S.C. §636(c)(3); Fed. R. Civ. P. 73(c).

SO ORDERED, this 6th day of December 2021, at Bridgeport, Connecticut.

*/s/ S. Dave Vatti*

S. DAVE VATTI
United States Magistrate Judge